UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CATHY OLIVER and RA MAA NU AMEN
BEY,

                          Plaintiffs,                    14-cv-8948 (PKC)

            -against-                                    MEMORANDUM
                                                         AND ORDER


U.S. BANCORP, (AS INDIVIDUAL &
TRUSTEE) A/K/A US BANK, NA A/K/A US
BANK NATIONAL ASSOCIATION, C/O
REGISTERED AGENT, THE CORPORATION
TRUST COMPANY,

                          Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

            Plaintiffs Cathy Oliver and Ra Maa Nu Amen Bey, proceeding pro se,

commenced this action against defendant U.S. Bank National Association sued herein as "U.S.

Bancorp" ("U.S. Bank") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 et seq.  Plaintiffs assert, among other things, that U.S. Bank misrepresented its

right to collect upon an alleged mortgage loan debt of Ms. Oliver's.  Defendant moves to dismiss

the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  For reasons to be explained,

defendant's motion to dismiss is granted.  Most of plaintiffs' claims are barred by the FDCPA's

one-year statute of limitations.  Any claim not explicitly time-barred is dismissed for failure to

state a plausible claim to relief.[1]

---

[1] Defendant also seeks to dismiss the Complaint on the basis that U.S. Bank is not a "debt collector," as defined by the FDCPA.  (Def. MTD Brief, § I(C).)  Defendant further asserts that Mr. Amen Bey lacks standing to bring a claim against U.S. Bank, and as such his claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  (Id. § II.)  Because there is no dispute that Ms. Oliver has standing to bring this action and in light of the Court's dismissal of the Complaint in its entirety on other grounds, the Court need not reach these additional arguments.

Mailed to plaintiffs, 7-8-15

BACKGROUND

Plaintiffs Cathy Oliver and Ra Maa Nu Amen Bey are co-owners of certain real property located at 42 Brookdale Circle, New Rochelle in Westchester County, New York. (Compl., §§ I-II (Dkt. No. 1); Pl. Opp. to MTD, "Pl. Opp." ¶ 2 (Dkt. No. 17.))

In May 2010, defendant U.S. Bank commenced a foreclosure action in the Supreme Court of the State of New York, Westchester County (the "Foreclosure Action") in response to Ms. Oliver's alleged default on her mortgage loan payments. [2]  (See Complaint in the Foreclosure Action, Index No. 13318/10, "Foreclosure Action Compl.," (Decl. of Robin L. Muir, "Muir Decl." (Dkt. No. 15, Ex. B.)))[3]  The Foreclosure Action Complaint identifies the mortgaged premises as "42 BROOKDALE CIRCLE, NEW ROCHELLE, NY 10801."  (Id.)

On November 10, 2014, plaintiffs commenced the instant action, alleging that U.S. Bank "engaged in a pattern of misrepresentation and deceptive practices in the collection of an alleged debt," in violation of the FDCPA.  (Compl., § III.)  In context, the Complaint's reference to "collection proceedings" refers to the Foreclosure Action commenced on May 19, 2010.  (See Foreclosure Action Compl. & Summons (Muir Decl., Ex. B.))  Plaintiffs' allege, inter alia, that U.S. Bank misrepresented (1) their status as a creditor; (2) the character, amount, and legal status of the alleged debt; (3) that they are owed default interest, attorney's fees, and

---

[2] The plaintiff in the Foreclosure Action is "US Bank National Association, as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-4."  (See Foreclosure Action Compl.)  The defendant in the present action is also known as "US Bank National Association."  In defendant's motion to dismiss, the entity is referred to as: "Defendant U.S. Bank National Association, as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-4 s/h/a U.S. Bank Corp., as Trustee, a/k/a US bank, NA a/k/a US Bank National Association ("U.S. Bank.")"

[3] The Court takes judicial notice of the fact that filings in the Foreclosure Action, submitted to this Court by plaintiffs and defendants (see Dkt. Nos. 15, 17, 20, 22), contain certain representations and were filed on certain dates.  The Court does not consider the Foreclosure Action filings for the truth of their contents.  See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) ("[I]t is proper to take judicial notice of the *fact* that . . . prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents . . . ." (emphasis in original)).

other expenses; and (4) that they were in possession of an alleged debt when they commenced collection proceedings.  (Compl., § III.)  Plaintiffs seek injunctive relief, damages, a restitution order, and costs and fees.  (Id. at § IV.)

On March 3, 2015, U.S. Bank moved to dismiss the Complaint.  (Dkt. No. 13.) Plaintiffs opposed the motion on March 27, 2015.  (Dkt. No. 17.)  After U.S. Bank submitted a reply memorandum on April 7, 2015 (Dkt. No. 19), the Court provided plaintiffs with another opportunity to respond.  (Dkt. No. 21.)  Plaintiffs filed a further opposition to the motion to dismiss on June 17, 2015.  (Dkt. No. 22.)

I.      Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  " 'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  (quoting Twombly, 550 U.S. at 555).  In considering a Rule 12(b)(6) motion to dismiss, all non-conclusory factual allegations are accepted as true, see id. at 678–79, and all reasonable inferences are drawn in favor of the plaintiff.  See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam).  Moreover, plaintiff's pro se pleadings are given a liberal and generous construction and are read "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).  The Court may consider documents annexed to the complaint or incorporated by

reference into the complaint without converting the motion into a motion for summary judgment. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

II.     FDCPA's One-Year Statute of Limitations

        Most of plaintiffs' FDCPA claims are dismissed as time-barred.  A claim under the FDCPA must be brought within one year from the date on which the violation occurs.  15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs.")  The continued prosecution of a foreclosure or collection suit is not a continuing violation under the FDCPA—if the same alleged misrepresentation is repeated in court filings, the claim accrues on the date of the initial representation.  A new FDCPA claim only arises if a new misrepresentation is alleged.  See Calka v. Kucker, Kraus & Bruh, LLP, 98-cv-0990 (RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (concluding that FDCPA claim accrued on date that state court lawsuit was filed in the absence of an allegation that new misrepresentations were made in subsequent court filings, rejecting theory that each action in the prosecution of a lawsuit amounts to a continuing violation of the FDCPA); Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (dismissing an FDCPA claim because a summons and complaint did not re-start the statute of limitations where the court filings contained the same alleged deceptive representation as previous communications); DeJesus v. BAC Home Loans Servicing, LP, 13-cv-2864 (KAM) (VVP), 2014 WL 4804999, at *4-5 (E.D.N.Y. Sept. 26, 2014) (concluding that "[t]he established law in this Circuit does not support" plaintiffs' argument "that the fact that the Foreclosure Action is ongoing requires a finding that their FDCPA claim is timely").

        Here, a number of plaintiffs' claims are time-barred because they allege violations that occurred more than one year before the date of the commencement of this action on

November 10, 2014.  Any FDCPA claim premised upon an alleged misrepresentation contained in the Foreclosure Action Complaint is untimely because the claim accrued when the Foreclosure Action was commenced in May 2010, over four years before plaintiffs brought the instant action. (See Compl., § III ¶ 2; Foreclosure Action Summons & Compl. (Muir Decl., Ex. B.))  That some of the alleged misrepresentations in the Foreclosure Action Complaint were repeated in subsequent state court filings does not amount to a new violation of the FDCPA and does not re-start the statute of limitations.  See Calka, 1998 WL 437151, at *3; Sierra, 48 F. Supp. 2d at 395; DeJesus, 2014 WL 4804999, at *4-5.  The following claims are based on representations made in the Foreclosure Action Complaint, and thus are dismissed as time-barred: U.S. Bank's alleged misrepresentation (1) of its status as a creditor rather than a debt collector (Compl., § III ¶¶ 2, 4, 6, 27, 28, 29); (2) of the character, amount, and legal status of the alleged debt (id. § III ¶¶ 5, 10); (3) that it is owed default interest, attorney's fees, and other expenses (id. § III ¶¶ 7, 16); and (4) that it was in possession of an alleged debt when it commenced collection proceedings.  (Id. ¶ 25.)

        To the extent plaintiffs allege that U.S. Bank made new misrepresentations regarding the amount of the debt and other expenses owed in the "Affidavit of Merit and Amounts Due and Owing" submitted in the Foreclosure Action in August 2013, the FDCPA's statute of limitations still bars the claim.  (See "Affirmation of Regularity," Ex. A ("Affidavit of Merit and Amounts Due and Owing) (Muir Reply Decl., Ex. A (Dkt. No. 20)); Pl. Opp., ¶¶ 7-8.) The statute of limitations for a violation that occurred in August 2013 expired in August 2014, three months before the commencement of this action.

        Further, to the extent plaintiffs allege that U.S. Bank made new misrepresentations regarding the amount of attorney's fees due in U.S. Bank's August 22, 2014

"Attorney Affirmation" filed in the Foreclosure Action, (Pl. Second Opp. to MTD, ¶¶ 18, 20 &

Ex. S of Ex. 1 (Dkt. Nos. 22 & 22-8)), the claim is also still untimely.  Plaintiffs allege that "US

BANK misrepresented they are owed . . . attorney's fees . . . [as] the default provision written in

alleged note does not clearly state nor claim debt owner can collect . . . attorney's fees."

(Compl., § III ¶ 7.)  The Foreclosure Action Complaint asserts that Ms. Oliver owes "reasonable

attorney's fees if provided for in the mortgage."  (Foreclosure Action Compl., p. 5.)  In August

2013, U.S. Bank represented that the mortgage did allow for attorney's fees; U.S. Bank

submitted to the state court a copy of Ms. Oliver's note and mortgage as exhibits to their

"Affirmation of Regularity," which respectively represent that the "Note Holder" or "Lender"

may collect reasonable attorney's fees under specified circumstances.  (See "Affirmation of

Regularity," Ex. B ("Note," ¶ 6(E)), Ex. C ("Mortgage," ¶ 22.))  In August 2014, U.S. Bank

submitted an affirmation in the Foreclosure Action in support of the state court granting

attorney's fees in the amount of $3,025.  (Pl. Second Opp. to MTD, Ex. S of Ex. 1.)  Plaintiffs'

allegations concern whether U.S. Bank is entitled to any attorney's fees; plaintiffs do not allege

that U.S. Bank misrepresented the precise amount of attorney's fees owed.  As such, U.S. Bank's

August 2014 submission does not restart the statute of limitations in this instance. Plaintiffs'

claim regarding attorney's fees accrued at the commencement of the Foreclosure Action and at

the latest in August 2013 when U.S. Bank submitted copies of Ms. Oliver's note and mortgage.

The claim is thus barred by FDCPA's statute of limitations.

    As previously referenced, plaintiffs allege a number of claims that are based on

representations made in U.S. Bank's "Affirmation of Regularity," submitted to the state court in

the Foreclosure Action in August 2013.  (See Muir Reply Decl., Ex. A & B.)  Any FDCPA

claims premised upon an alleged misrepresentation contained in the "Affirmation of Regularity"

and its accompanying exhibits are untimely because the claims accrued in August 2013, more than one year before plaintiffs brought the instant action.  Thus the following allegations are time-barred: (1) "US BANK misrepresented that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") had possession of alleged debt, executed by Cathy Oliver."  (Compl., § III ¶ 18) (See "Affirmation of Regularity," Ex. C ("Mortgage"), Ex. D ("Assignment of Mortgage to US Bank National Association.")); (2) U.S. Bank "false[ly] represent[ed] . . . service of written notice accelerating alleged debt" (Pl. Opp., ¶ 11; see Compl., ¶ 19) (See "Affirmation of Regularity," Ex. A ("Affidavit of Merit and Amounts Due and Owing," ¶¶ 5-7), Ex. F ("Demand Letter"), Ex. G ("RPAPL § 1304 90 Day Notice.")); (3) U.S. Bank "false[ly] represent[ed] . . . service of written notice of alleged debt default" (Pl. Opp., ¶ 12; see Compl., ¶ 20) (See "Affirmation of Regularity," Ex. A ("Affidavit of Merit and Amounts Due and Owing," ¶¶ 5-7), Ex. F ("Demand Letter"), Ex. G ("RPAPL § 1304 90 Day Notice.")); and (4) U.S. Bank "falsely represented they served Cathy Oliver notice of alleged debt collection proceedings" (Pl. Opp., ¶ 6 ) (See "Affirmation of Regularity," Ex. L ("Affidavits of Service"), Ex. M ("Affidavits of Service of the Summons, per CPLR § 3215."))  Each of these claims are traceable to representations in the exhibits to the "Affirmation of Regularity," cited above, and thus were time-barred three months before the initiation of the present action.

III.     Plaintiffs Fail to State a Claim Pursuant to Section 1692g

Plaintiffs also allege that U.S. Bank violated sections 1692g(a) and (b).  (Compl., § III ¶¶ 10-12; Pl. Second Opp. to MTD, ¶ 32.)  Specifically, plaintiffs allege that in violation of section 1692g, U.S. Bank (1) "misrepresented the amount of the alleged debt" (Compl., § III ¶ 10); (2) "misrepresented the name of the creditor to whom the alleged debt is allegedly owed" (id. § III ¶ 11); (3) "misrepresented they served Cathy Oliver and/or agents a statement stating . .

. that if she notifies the debt collector in writing within the thirty-day initial communication period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt and then mail it to Cathy Oliver (id. § III ¶ 12); and (4) "failed and refused to verify and/or validate the alleged debt, after receiving notice of dispute from Plaintiff."  (Pl. Second Opp. to MTD, ¶ 32.)

       Section 1692g(a) establishes a scheme in which once a debt collector has an "initial communication" with a consumer, the debt collector has five days to send the consumer written notice containing certain specified information.  15 U.S.C. § 1692g(a).  Among the information that must be communicated to the consumer is that, if within thirty days of receipt of the notice the consumer notifies the debt collector that he or she contests the debt, the debt collector will send verification of the debt.  Id. § 1692g(a)(4).  If within the thirty-day period just described, the consumer in fact notifies the debt collector in writing that the debt is disputed, section 1692g(b) provides for a temporary moratorium on collection efforts.  Id. § 1692g(b).  The statute specifies that formal pleadings in a civil action are not considered an "initial communication" for purposes of section 1692g(a).  Id. § 1692g(d).

       Application of both 1692g(a) and (b) depend on the existence of an "initial communication" from the debt collector to the consumer.  See id. § 1692(a) & (b); see also Lane v. Fein, Such & Crane, LLP, 767 F. Supp. 2d 382, 385-88 (E.D.N.Y. 2011) (dismissing plaintiffs' claims pursuant to sections 1692g(a) and (b), where the only communication from the debt collector that plaintiffs identified was the service of a state court complaint, reasoning that plaintiffs failed to identify an "initial communication").  Here, plaintiffs fail to allege any "initial communication" from U.S. Bank, and therefore fail to state a claim for a violation of sections 1692g(a) and (b).  As explicitly specified in the statute, U.S. Bank's state court submissions in

the Foreclosure Action do not constitute an "initial communication."  15 U.S.C. § 1692g(d).

Plaintiffs' claims pursuant to section 1692g are therefore dismissed.

IV.     Plaintiffs Remaining Claims are Conclusory

        Many of plaintiffs' claims discussed above as barred by the statute of limitations

are also conclusory.  However, some of the Complaint's claims are so vague and conclusory that

the Court cannot discern whether they are barred by the statute of limitations.  A fair reading of

these claims does not reveal the actions or omissions to which plaintiffs are referring.  They are

conclusory and hopelessly fail to satisfy Rule 8(a), Fed. R. Civ. P.

        Under Rule 8(a)(2), Fed. R. Civ. P., a pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  In Iqbal, the Supreme Court

interpreted this pleading standard to mean that "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

"When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief;" however, pleadings that

are "no more than conclusions are not entitled to the assumption of truth."  Id. at 679.  A

complaint that merely "offers 'labels and conclusions' " or tenders " 'naked assertion[s]' devoid

of 'further factual enhancement' " does not suffice.  Id. at 678 (quoting Twombly, 550 U.S. at

555, 557).  "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations."  Id. at 679.  Thus, a formulaic recitation of acts prohibited by

the FDCPA, without any alleged factual content, cannot survive a motion to dismiss.  See id. at

678; see also Ghartey v. Farnsworth, 08-cv-6682 (LAP), 2010 WL 199691, at *3 (S.D.N.Y. Jan. 11, 2010) ("Plaintiff fails to state a claim under the FDCPA because he does not allege facts sufficient to permit an inference that any Defendant violated any part of that statute."); Sembler v. Attention Funding Trust, 07-cv-2493 (RJD)(LB), 2009 WL 2883049, at *2 (E.D.N.Y. Sept. 3, 2009) report and recommendation adopted, 07-cv-2493 (RJD)(LB), 2009 WL 3055347 (E.D.N.Y. Sept. 24, 2009) (concluding that plaintiff failed to state an FDCPA claim where plaintiff did not specify the content or nature of defendants' alleged "abusive" communications, explaining that "Plaintiff cannot merely track the language of the statute without alleging accompanying facts in his pleading"); Shetiwy v. Midland Credit Mgmt., 15 F. Supp. 3d 437, 446-47 (S.D.N.Y. 2014), appeal dismissed (July 10, 2014) (dismissing plaintiffs' FDCPA claims where the complaint "include[d] recitations of the legal elements of an FDCPA claim and blanket conclusions that . . . Defendants violated these sections" but failed to provide "sufficient factual support to state a plausible claim").

    The following claims are wholly unsupported and are dismissed for failure to state a claim: U.S. Bank (1) "misrepresented the services rendered and compensation for which they may lawfully receive pursuant to § 1692e(2)(B) (Compl., § III ¶ 8); (2) "is using deceptive means and misrepresentation . . . to obtain personal information from credit bureaus concerning Cathy Oliver pursuant to § 1692e(10)" (id. § III ¶ 9); and (3) "unlawfully designed, compiled and furnished to Cathy Oliver pursuant to § 1692j(a) forms i.e. dunning letters, etc. knowing that such forms would be used to create the false belief that a person other than alleged creditor of Cathy Oliver participated in the collection of debt allegedly owed." (Id. § III ¶ 13.)  In regard to each of these claims, the Complaint merely recites the language of the statute without providing any accompanying factual content that would allow the Court to draw the reasonable inference

that defendants are liable for the conduct alleged.  See Iqbal, 556 U.S. at 678 ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.").  Plaintiffs fail to allege when, where, or how these purported FDCPA violations

occurred.  As such, the Complaint fails to notify defendants or this Court of the circumstances

that give rise to plaintiffs' claims.  While plaintiffs cite to various exhibits in their two opposition

briefs in support of the third claim listed above (see Pl. Opp., ¶ 9; Pl. Second Opp. to MTD, ¶

19), no attempt is made to draw a connection between the exhibits and plaintiffs' claim.

Plaintiffs fail to set forth facts to support these claims and therefore fail to plausibly state a claim

for relief.

              To the extent, plaintiffs assert claims under statutes other than the FDCPA, those

claims are also dismissed.  Plaintiffs request "equitable relief for violations of the

FDCPA/FCRA" (Compl., § IV(e)), but the Complaint fails to allege any particular violation of

the FCRA let alone mention the FCRA anywhere else in the Complaint.  In their two oppositions

to the motion to dismiss, plaintiffs remove any reference to the FCRA.  Further, in their "Prayer

for Relief," plaintiffs request a "permanent injunction to stop/prevent ongoing/future violations

of the FTC Act and the FDCPA by US BANK" (id. at p. 6 ¶ 2), and seek damages "resulting

from US BANK's present ongoing violations of the FTC Act and the FDCPA."  (Id. at p. 6 ¶ 3.)

Again, nowhere in the Complaint do plaintiffs allege any specific violation of the "FTC Act."

Notwithstanding plaintiffs' conclusory reference to the FTC Act, it is well settled that there is no

private right of action under the statute.  See Alfred Dunhill Ltd. v. Interstate Cigar Co., 499 F.2d

232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be

enforced only by the Federal Trade Commission.").  As such, plaintiffs' claims pursuant to the

FCRA and FTC Act are dismissed.

CONCLUSION

For the reasons outlined above, defendants' motion to dismiss (Dkt. No. 13) is GRANTED.  Counsel for defendant shall provide plaintiffs with copies of all unreported decisions cited herein.  The Clerk is directed to enter judgment for the defendants and close the case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
       July 8, 2015